IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MARK WINDELL ROBBINS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1293-M |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Commissioner issued a final decision denying Mark Robbins' (Plaintiff) application for disability insurance benefits under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). Chief United States District Judge Vicki Miles-LaGrange referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the court reverse and remand the Commissioner's decision.

I. **Administrative proceedings.**

In his amended application for benefits, Plaintiff alleged that his impairments became disabling in November 2009. AR 126-30. The Social

Security Administration (SSA) denied Plaintiff's claim, and at his request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 36-59. In his June 2012 decision, the ALJ found that Plaintiff is not disabled. *Id.* at 30. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-6, and Plaintiff now seeks review in this Court. Doc. 1.

## II.    Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he succeeds, the ALJ will conduct a residual functional capacity (RFC)[2] assessment at step four to determine what, if anything, Plaintiff can still do despite his impairments. *See* 20 C.F.R. § 404.1545(e);

---

[2]    Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545 (a)(1).

*Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that he cannot engage in prior work activity, the burden shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

### III. Plaintiff's claims.

Plaintiff alleges that the ALJ erred when he rejected Dr. David J. Flesher's medical opinion, and in turn, presented the vocational expert (VE) with a hypothetical question that did not include all of Plaintiff's physical limitations. Doc. 13, at 19-26.[3] The undersigned agrees, and has therefore elected not to address Plaintiff's related claims involving Dr. Robert C. Balogh and the state agency physicians. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

### IV. Analysis.

#### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal

---

[3] Citations to the parties' briefs refer to this Court's CM/ECF pagination.

standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). The ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Andrade*, 985 F.2d at 1047 (citation omitted).

B.   **The ALJ's relevant findings.**

The ALJ found that Plaintiff has severe "degenerative disc disease, status post December 2007 discectomy, L5-51, with low back pain and neuropathy; status post February 2008 right rotator cuff repair; hypertension; obesity; major depressive disorder, recurrent, mild to moderate; and anxiety disorder." AR 15. He then found that with these severe impairments, Plaintiff has the RFC to perform "light work" except, in relevant part, that Plaintiff can "perform no work overhead; [and] can frequently but consistently, reach with his right upper extremity from shoulder level and below." *Id.* at 22. Finally, the ALJ found that Plaintiff cannot return to past relevant work but can perform in other occupations with "jobs existing in significant numbers in the national economy." *Id.* at 28-29.

C.   **The ALJ's assessment of Dr. Flesher's opinion.**

Under what is commonly referred to as the "treating physician rule," a treating physician's opinion is generally afforded greater weight than the

4

opinions from non-treating sources. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). In particular, a treating physician's opinion is entitled to "'controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record.'" *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) (citation omitted). If the ALJ has grounds for rejecting the opinion, he must articulate those specific and legitimate reasons. *See Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

Dr. Flesher first examined Plaintiff in January 2008 for a right rotator cuff injury. AR 240. At that appointment, the physician found that Plaintiff should perform "no lifting with the right arm and no overhead with the right arm." *Id.* at 241. Dr. Flesher operated on Plaintiff's right rotator cuff in early February 2008, *id.* at 237-39, 242, and later that month again opined that Plaintiff was restricted to "no use of the right arm, no lifting with the right arm, and no overhead with the right arm." *Id.* at 244. Dr. Flesher voiced the same opinion in follow-up examinations in March and April, 2008. *Id.* at 246, 248.

On May 12, 2008, Dr. Flesher examined Plaintiff and opined that he was restricted to "lift/carry and push/pull of 10 pounds." *Id.* at 250. Dr. Flesher then referred Plaintiff for a Functional Capacity Evaluation (FCE). *Id.* During the FCE, Plaintiff showed "self limiting behavior" due to "pain in

5

right shoulder/hand" and "pain in low back." *Id.* at 255-57. Dr. Flesher examined Plaintiff after the FCE, and on May 29, 2008, wrote: "the [FCE] study was not considered valid, but I do think [Plaintiff's] work restrictions as determined by the FCE are valid." *Id.* at 252. Dr. Flesher then detailed those restrictions, opining that Plaintiff "does require permanent restrictions which include a 10 pound lift/carry restriction, a 15 pound push/pull restriction, [and] no overhead work or overhead lifting with the right arm . . . ." *Id.*

In his decision, the ALJ noted several times Dr. Flesher's opinion regarding Plaintiff's 10-pound lifting restriction. *Id.* at 16, 24, 26. Indeed, the ALJ stated that he had "considered and given great weight to Dr. Flesher's opinion." *Id.* at 26. Then, conversely, the ALJ rejected *a portion* of Dr. Flesher's opinion because the FCE was invalid. *Id.* That is, the ALJ seemingly *adopted* Dr. Flesher's opinion regarding Plaintiff's overhead work and overhead lifting with the right arm restrictions, but *rejected* Dr. Flesher's opinion – made in the same medical note – regarding Plaintiff's 10-pound lifting restriction. The ALJ gave no explanation for the inconsistent reliance on Dr. Flesher's opinion, which was entirely consistent with the physician's

6

prior medical restrictions, *id.* at 240-50, 261-66,[4] and, according to the ALJ, is entitled to "great weight." *Id.* at 26.

More importantly, the ALJ ignored the fact that Dr. Flesher restricted Plaintiff to lifting 10-pounds *despite* the FCE invalidation. *Id.* at 252. In so doing, it appears to the undersigned that the ALJ improperly injected his own speculations into the medical evidence. *See Langley*, 373 F.3d at 1121 ("'In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion.*'") (citation omitted; emphasis in original). For these reasons, the undersigned finds that substantial evidence does not support the ALJ's rejection of Dr. Flesher's opinion regarding Plaintiff's lifting limitations.

If Dr. Flesher's opinion regarding Plaintiff's 10-pound lifting restriction is credited, Plaintiff cannot perform "light" work. *See* 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time[.]"). And, if Plaintiff cannot lift more than 10-pounds, then the Commissioner cannot rely on the VE's testimony to support a finding of non-disability. *See* AR 54-57

---

[4] The Commissioner argues that an ALJ is not required to give deference to a physician's opinion which is based only on a claimant's subjective complaints. Doc. 14, at 7. The undersigned finds no evidence that Dr. Flesher based his opinion regarding Plaintiff's physical limitations solely on Plaintiff's subjective complaints. AR 240-252.

(VE testifying that a hypothetical claimant capable of "light work" can perform the "light" jobs of laundry folder, assembler, and parking lot cashier); *see Cagle v. Astrue*, 266 F. App'x 788, 793 (10th Cir. 2008) ("If [the physician's] opinion as to [plaintiff's] limitations is to be credited, then the hypothetical the ALJ gave to the VE did not relate all of [claimant's] impairments with precision, as required, and the Commissioner cannot rely on the jobs the VE identified . . . to fulfill his step-five burden."). So, the undersigned recommends that the court reverse and remand the decision.

## V.     Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the court reverse and remand the Commissioner's decision.

The undersigned advises the parties of their right to object to this report and recommendation by the 28th day of September, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 8th day of September, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE